NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GREGORY MANDEL RUFFIN,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5016

---

Appeal from the United States Court of Federal Claims in No. 12-CV-0101, Judge Nancy B. Firestone.

---

Decided: March 12, 2013

---

GREGORY M. RUFFIN, Elcajon, California, pro se.

DAVID D'ALESSANDRIS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Deputy Director. Of counsel on the brief was ANDREW E. CARMICHAEL, United States Department of the Navy, of Washington, DC.

---

Before DYK, CLEVENGER, and MOORE, *Circuit Judges.*

PER CURIAM.

Gregory Mandel Ruffin appeals from the Court of Federal Claims ("the Claims Court"), which granted judgment to the United States on the administrative record. The Claims Court upheld the decision of the Board of Corrections of Naval Records ("BCNR"), which had denied Ruffin's request for reinstatement, back pay, retirement pay, and correction of his military records. We *affirm*.

## BACKGROUND

Ruffin enlisted in the Navy on October 25, 1990. He served as an Air Traffic Controller and held a security clearance. Ruffin failed to report alcohol-related civilian convictions to the Navy's Central Adjudication Facility in response to questions that required disclosure of such convictions. Ruffin was convicted at a Special Court-Martial of four specifications of making a false official statement in violation of 10 U.S.C. § 907 on September 26, 2008. Ruffin was sentenced to 89 days confinement and suspended forfeitures of pay in the amount of $1,000 for 12 months.

Ruffin was released from confinement on December 7, 2008, and assigned Temporary Duty at the Transient Personnel Unit in San Diego ("TPU").[1] On June 12, 2009, based on the recommendation of an administrative board, the Chief of Naval Personnel ordered that Ruffin be discharged with an "other than honorable" characterization of service. Ruffin was discharged on June 18, 2009. Ruffin petitioned the BCNR for reinstatement in the

---

[1] The TPU is designed to house service members who are transferring between commands or are facing disciplinary or administrative action.

military and for a change in his discharge status, but this petition was denied.

Ruffin then brought suit against the United States in the Claims Court. He sought to set aside his discharge, to be retroactively retired as of October 24, 2010, and to have his military record corrected pursuant to the Tucker Act, 28 U.S.C. § 1491, and the Military Pay Act, 37 U.S.C. § 204. He sought back pay and back retired pay respectively in the amounts of $103,500 and $25,600, as well as a promotion to the enlisted pay grade of E-7. The Claims Court dismissed Ruffin's promotion claim because it had not been raised at the BCNR, and granted judgment on the administrative record in favor of the government on the remaining claims, holding that the BCNR's decision was not arbitrary, capricious, contrary to law, or unsupported by substantial evidence. Ruffin timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review the Claims Court's judgment on the administrative record de novo. *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005). However, "we will not disturb the decision of the [BCNR] unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Id.*

Ruffin raises several arguments.

First, Ruffin argues that the Claims Court should have reversed the BCNR's decision to separate Ruffin from the Navy based on the Fifth Amendment's prohibition against double jeopardy. He argues that because the Navy "lost the argument for separation" in front of the court martial, the Navy could not thereafter administratively separate Ruffin. However, the relevant provision in the applicable personnel manual, MILPERSMAN 1910-142, allows an administrative board to separate an enlistee where the "[o]ffense would warrant a punitive discharge per refer-

ence (a) [Manual for Courts-Martial], appendix 12 for [the] same or [a] closely related offense." That is the case here. In any event, the Supreme Court has held that the Double Jeopardy Clause applies only to criminal punishment. *See Hudson v. United States*, 522 U.S. 93 (1997). The administrative separation was not a criminal proceeding, and Ruffin's double jeopardy argument is without merit.

Second, Ruffin argues that the TPU's Commanding Officer lacked authority to initiate separation proceedings because SECNAVINST 1640.9C only allowed administrative separation during Ruffin's confinement stemming from the court martial conviction (as opposed to while he was in the TPU). As the Claims Court noted, "various regulations authorize temporary duty commands to take administrative separation action," and are not limited to periods of confinement pursuant to Court Martial convictions. J.A. 20; *see* MILPERSMAN 1910-400, Note (2); BUPERSINST 1306.77B, Chap. 1, § 106(f).

Third, Ruffin challenges the Claims Court's ruling that a scrivener's error in a memorandum to the Chief of Naval Personnel was harmless. In connection with the administrative discharge proceedings, the cover memorandum in the administrative separation package sent to the Chief of Naval Personnel stated that Ruffin was being processed for "mandatory administrative separation for misconduct." Ruffin was not (and could not have been) processed for "mandatory" administrative separation. Mandatory processing is only allowed in cases involving conviction for sexual assault and other violent crimes that are far more serious than Ruffin's false official statement conviction. *See* MILPERSMAN 1910-142(3)(a)-(d). Rather the regulations gave discretionary authority to separate Ruffin for "commission of a serious . . . offense" as evidenced by conviction. *See* MILPERSMAN 1910-142(2)(a). The government admits that the statement in the memorandum was in error. The Claims Court correctly deter-

mined that, despite the error, "the memorandum correctly identified on its face the offense for which Mr. Ruffin was convicted . . . such that the Chief of Naval Personnel . . . would have understood that Mr. Ruffin had not committed a serious offense that required 'mandatory' processing, but that he had instead been processed under the non-mandatory provisions of the regulation." J.A. 25.

Fourth, Ruffin argues that the Chief of Naval Personnel lacked delegated authority from the Secretary of the Navy to process his separation. He argues that any delegated authority the Chief of Naval Personnel may have had would have expired once the previous Secretary of the Navy left office in 2007. This argument is unavailing. The Chief of Naval Personnel was authorized to approve Mr. Ruffin's discharge. A Navy memorandum approved on July 1, 2003, clearly indicates the Navy's intent to "[d]elegate to [the] Deputy Chief of Naval Personnel permission to serve as separation authority when the sole basis for separation is a serious offense that resulted in a conviction by a special . . . court[]-martial that did not impose a punitive discharge." J.A. 109. This describes exactly what happened here, and Ruffin provides no authority suggesting that this delegated authority has been revoked.

Finally, Ruffin argues that he was protected by 10 U.S.C. § 1176(a), which restricts "involuntar[y] separat[ion]" where an enlistee is "to be discharged . . . within two years of qualifying for retirement." However, this provision only applies to "involuntary separation" where an enlistee is "discharged or released from active duty . . . under *other than adverse conditions*." 10 U.S.C. § 1141(4) (emphasis added). Here, Ruffin was discharged under "other than honorable" (i.e., adverse) conditions. Thus, the Claims Court was correct in holding the provision inapplicable.

We have considered Ruffin's remaining arguments

and find them to be without merit.

## AFFIRMED

### COSTS

Each party shall bear its own costs.